UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>             Plaintiff,<br><br>     v.<br><br>STUART SHERMAN, et al.,<br><br>             Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 5)<br><br>**ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS** |

Plaintiff David W. Wilson is appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) by a Prisoner filed July 25, 2022. (Doc. 5.)

**I.     DISCUSSION**

Plaintiff is subject to 28 U.S.C. § 1915, which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because Plaintiff has accrued three "strikes" under section 1915(g),[1] Plaintiff must show that he is under imminent danger of serious physical injury at the time of the filing of his complaint in order to bring this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1053-1056 (9th Cir.2007). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.* at 1053. While the injury requirement is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. *Id*. at 1055.  As Plaintiff has made that required showing, the Court will grant his motion.

**A.  Plaintiff's Complaint**

Plaintiff's complaint[2] asserts a claim of deliberate indifference to medical needs in violation of the Eighth Amendment. Plaintiff contends the facility where he is housed—California Substance Abuse Treatment Facility (SATF) in Corcoran—has inadequate ventilation and cooling systems, he is refused adequate drinking water and the water may be contaminated, and that black mold is present in the buildings. He contends he suffers from severe physical pain and heat stroke, including dizziness and headaches that exacerbate his existing disabilities (Doc. 1 at 5, 19-20 [first cause of action].) Plaintiff also contends his "Fourteenth Amendment Equal Protection" rights were violated due to inadequate shelter and the denial of protected rights, causing him physical harm. That harm includes overcrowding in facilities without adequate cooling and ventilation and exposure to black mold, and inadequate toilet facilities leading to incontinence. (Doc. 1 at 6, 20 [second cause of action].)

Plaintiff next alleges supervisory staff are deliberately indifferent in violation of his Eighth Amendment rights, for "breach[ing] their duties to legal administer the prison, and train

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) *Wilson v. Tilton*, Case No. 2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed September 12, 2006, for failure to state a claim); (2) *Wilson v. Schwartz,* Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed October 31, 2006, for failure to state a claim); (3) *Wilson  v. Dovey*, Case No. 2:06-cv-01032-FD-EFB (E.D. Cal.) (dismissed March 8, 2007, for failure to state a claim); and (4) *Wilson v. Veal*, Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed June 4, 2007, for failure to state a claim). *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).

[2] Plaintiff initially used a form complaint, (Doc. 1 at 1-8), and supplemented the form with a document entitled "Complaint for Temporary and Permanent Injunction and Protections and Enforcement and Sanctions Relief for Inadequate Cool Ventaliation [sic] and Black Mold Imminent Danger." (Doc. 1 at 9).

and supervise subordinates" leading to "incorrect[] temperatures taken to deny cooling measures, ice, ice drinks, fans, water fountains working for cold water," contaminated water and black mold, placing Plaintiff in imminent danger of "toxic inmumane [sic] exposure to risk of serious substantial harm, future harm…." (Doc. 1 at 7, 20-21 [third cause of action].)

In his prayer for relief, Plaintiff seeks, in part, an order for portable swamp coolers, water fountains and personal fans, water testing, black mold testing and abatement, changes to double bunking, a "Protection ORDER [for] all personal property …," an "Enforcement ORDER" issued to SATF for compliance and sanctions, for "reasonable attorney's fees and cost of suit, including expert fees," and for such other and further relief the Court deems proper. (Doc. 1 at 8, 21-23.)

**B.  The Imminent Danger Exception**

Liberally construed, Plaintiff's complaint plausibly alleges he is in imminent danger of serious injury. Plaintiff contends he is suffering serious physical injuries as a result of the inadequate ventilation and cooling systems and inadequate toilet facilities at SATF because of "heat risk" and the fact he is over 60 years of age, his existing conditions are exacerbated and he experiences dizziness, headaches, incontinency and breathing problems.

At this stage of the proceedings, where the Court is considering Plaintiff's application to proceed IFP, the merits of Plaintiff's claims are not considered. Instead, as the Ninth Circuit Court of Appeals has held, the Court considers whether Plaintiff has plausibly demonstrated the existence of an imminent danger of serious physical injury—which he has done. *See Andrews v. Cervantes*, 493 F.3d at 1055.

Because Plaintiff has made the showing required by § 1915(a), his request to proceed *in forma pauperis* will be granted. Plaintiff is obligated to pay the statutory filing fee of $350 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

//

The Court notes Plaintiff's complaint will be screened in due course. *See* 28 U.S.C. § 1915A(a).

## II.     CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (Doc. 5) is GRANTED;
2. **The Director of the California Department of Corrections or his or her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action**;
3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's IFP application on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and
4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated:   **August 4, 2022**                  /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE