UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 9) |

Plaintiff David W. Wilson is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

On August 25, 2022, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 9.) Plaintiff contends his imprisonment will greatly limit his ability to litigate the complex issues involved in this action. (*Id*. at 1.) Plaintiff also contends he has limited access to the law library given its hours of operation and staff shortages and inadequate access given the library's photocopy procedures. (*Id*.) Plaintiff asserts granting counsel "would guarantee important Factor's of the case to show merit," noting counsel's ability to investigate. (*Id*. at 2.) Plaintiff contends appointment of counsel "is mandatory only when the circumstances of a particular case indicate that Appointment of Counsel is necessary to prevent <u>due process violations</u> …," quoting Ninth Circuit case law. (*Id*. at 2-3, underlining in original.) He states his "case will not only be

prejudiced, but lost. Not for want of meritorious claims, but rather for want of evidence to prove [the] merit within the claims." (*Id*. at 3, brackets in original.) Plaintiff maintains his claims are not meritless, noting the exhibits appended to his complaint and their purported content. (*Id*. at 4-5.) Plaintiff has also attached several exhibits in support of his motion. (*Id*. at 7-23.)

## II.     DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). In "exceptional circumstances," however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist—here, they do not. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"). In this case, Plaintiff's allegation of Eighth Amendment claims of deliberate indifference to serious medical needs is simply not one involving exceptional circumstances.

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened as required by 28 U.S.C. § 1915A(a). Plaintiff's complaint will be screened in due course. As Plaintiff was previously advised (*see* Doc. 3 at 3-4 [First Informational Order]), this Court is one of the busiest district courts in the nation and delays are inevitable. To the extent Plaintiff contends he has demonstrated the merits of his claims by virtue of his complaint and its exhibits, those claims have not yet been proven. The complaint asserts allegations that may or may not present plausible or cognizable claims; however, that determination has not yet been made.

The fact that an attorney may be better able to perform research, investigate, and prepare for and represent Plaintiff at trial, again, does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

//

//

//

### III.     CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (Doc. 9) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **January 18, 2023**                         /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

4