UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR CERTIFICATION OF CLASS**<br><br>(Doc. 10)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff David W. Wilson is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　PLAINTIFF'S MOTION FOR CERTIFICATION OF CLASS**

On August 25, 2022, Plaintiff filed a motion for certification of class, citing Fed. R. Civ. P. 23(a). (Doc. 10.)  Plaintiff contends his complaint "against B-Facility, California Substance Abuse Treatment Facility, exceeds 40 individuals … and more will be asked to Sign." (Doc. 10 at 1.) The complaint concerns "on-going imminent danger of inadequate" cooling, ventilation and circulation, and the presence of black mold and black dust, at the prison facility. (*Id*. at 1-2.) Plaintiff contends because "CDCR denys 'question of law or fact common to the Class members and plaintiff," denies the "'Typicality' requirements grievance 'Group Class,'" certification is appropriate. (*Id*. at 2.) Plaintiff attaches as exhibits a copy of an "Inmate/Parolee Group Appeal," CDCR 602-G bearing the signatures of dozens of inmates housed in the B-Facility (*id*. at 4-7) and

related grievance documents (*id*. at 8-11) in support of his motion.

## II. DISCUSSION

A party requesting class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Plaintiff is not an attorney and is proceeding without counsel.[1] As a prisoner proceeding *pro se*, Plaintiff is unable to satisfy the above prerequisites. Regarding the fourth prerequisite, "[i]t is well established that pro se prisoner plaintiffs are unable to fairly represent and adequately protect the interests of [a] class," as required by Fed. R. Civ. P. 23(a)(4). *Pickett v. Brown*, No. C-11-0445-TEH, 2011 WL 3954553, at *1 (N.D. Cal. 2011) (citations omitted); *see also Smith v. Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010) (a layperson cannot ordinarily represent the interests of a class) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)); *Gann v. Valley State Prison*, No. 1:19-cv-01797-GSA, 2020 WL 70077, at *2 (E.D. Cal. 2020) (citations omitted). "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (citation omitted). It "is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, even assuming, *arguendo*, that Plaintiff met the first three prerequisites for class certification—numerosity, commonality and typicality—Plaintiff cannot meet all prerequisites because he cannot fairly and adequately protect the interests of the class.

## III. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS HEREBY RECOMMENDED** Plaintiff's motion for class certification (Doc. 10) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to

---

[1] Plaintiff's motion for the appointment of counsel was denied by the undersigned in a separate order.

this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 18, 2023**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE