UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PENDING MOTIONS FOR INJUNCTIVE RELIEF**<br><br>(Docs. 2 & 11)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff David W. Wilson is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      PENDING MOTIONS FOR INJUNCTIVE RELIEF**

Pending before the Court are the following: (1) "Motion to Grant Temporary and Permanent Injunction and Protections and Enforcement and Sanctions Relief for Inadequate Cool Ventaliation and Black Mold Imminent Danger" (Doc. 2) filed July 15, 2022; and (2) "Motion to Grant Emergency Temporary Injunction to Remove Over-Crowded Double Bunked Inmates … Causing Black Mold Imminent Danger and Staff/Administration Conspiracy for Mexican Ethnic Numbers Gang Bunks Control for Assaults and Death Denying Population Reduction 137.5% Three-Judge Panel and Denial Equal Access ADA Medical Bunks and Toilets" (Doc. 11) filed January 17, 2023.

//

## II. DISCUSSION

### A. Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See also Miller v. French*, 530 U.S. 327, 333 (2000) (the PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities").

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst*., 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

//

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

### B. Summary of Plaintiff's Motions[2]

In his first motion for injunctive relief (Doc. 2), Plaintiff contends an ongoing imminent danger of inadequate ventilation, the presence of black mold and black dust, and the denial of cooling measures and objects. (*Id*. at 3.) Plaintiff alleges he "has shown the sliding scale tips in his favor and a significant threat of irreparable injury to himself or others" exists. (*Id*. at 4.) Plaintiff cites to a number of cases, including "Plata v. Newsom," "Coleman v. [N]ewsom," "Armstrong v. Brown," and "Plata v. Brown." (*Id*.) Under the subheading "Irreparable Injury," Plaintiff cites to various exhibits and quotes from various orders or opinions in other matters. (*Id*. at 4-5.) Plaintiff contends "prison officials are obligated to provide water, and it must be fit to drink," citing to Ninth Circuit authority. (*Id*. at 5.) Under the subheading "Some Evidence," Plaintiff cites to an exhibits and Supreme Court authority pertaining to significant hardship, "Conscious Choice among alternatives," "Official gov't policy," and "TRAINING as Basis for Liability." (*Id*. at 6.) Plaintiff provides a declaration in support of his motion. (*Id*. at 7-8.)[3]

In his second motion for injunctive relief (Doc. 11), Plaintiff contends ongoing imminent danger of overcrowding in B Facility at the California Substance Abuse Treatment Facility. (*Id*. at 2.) He contends all four facilities are overcrowded "to placate Mexican Gangs AK Southerners,

---

[2] In both motions, Plaintiff attempts to notice his motions for a hearing. (*See* Doc. 2 at 1["on August 20, 2022, at 9:30 a.m., …] & Doc. 11 at 1 ["on February 9, 2023 at 9:30 a.m., …].) However, as Plaintiff has been advised, "[a]ll pre-trial motions will be submitted for decision based solely on the written papers and without a hearing. Local Rule 230(*l*)." (*See* Doc. 3 at 5 [First Informational Order].) Plaintiff is not entitled to a hearing on his motions; should this Court wish to hear from a party or parties on any matter in a prisoner civil rights case, the Court will set a hearing.

[3] Despite referencing exhibits in this motion, no exhibits were provided to or filed with the Court.

Bottom Tiers mainly & Northerners, Upper Tiers mainly." (*Id.*) Plaintiff asserts the administration and building staff placements result in overcrowding that negatively affects users of wheelchairs, walkers and those with other disabilities. (*Id*. at 2-3.) An inadequate number of toilets are available, denying access for those using wheelchairs, walkers and "Fluid-Bags." (*Id.* at 3.) Plaintiff contends due to the integration of "Gang Fresno Bulldogs," and assault occurred on November 30, 2022 "for injuries & Death" as a result of the overcrowding. (*Id.*) Plaintiff asserts the overcrowding "is unequal housing and used for Gang Politics Bunk Bed Control of other races as Blacks/African American and violates Three judge Panel population reductions of 137% for each prison." (*Id.*) Plaintiff further contends there is an ongoing imminent danger of "BLACK MOLD seen throughout the Facilities, and a TOXIC Health HAZARD, as allowed by the 95% Mexican/Hispanic White Supremacy Staff B-Facility." (*Id.*) Plaintiff alleges he "has shown the sliding scale tips in his favor and a significant threat of irreparable injury to himself or others" exists. (*Id*. at 4.)

Plaintiff cites to a number of cases, including "Plata v. Newsom," "Coleman v. [N]ewsom," "Armstrong v. Brown," and "Plata v. Brown." (*Id*.) Under the subheading "Irreparable Injury," Plaintiff cites to various exhibits and quotes from various orders or opinions in other matters. (*Id.* at 4-5.) Under the subheading "Some Evidence," Plaintiff contends he "has shown above for as BLACK MOLD at Director's Level Granted, and on-going threats by Favoritism to double-bunk Specific Gang members for violence." (*Id*. at 5.) Plaintiff asserts he has satisfied the "'case controversy' requirement" and cites to "City of Los Angeles v. Lyons" in support of his assertion. (*Id*. at 5-6.) Citing to Zepeda, Plaintiff contends "this Court has subject-matter jurisdiction over CSATF claim" and that "any injunction of this Court should not be more burdensome to defe4ndants than necessary to provide complete or partial relief to the plaintiff and others similarly situated." (*Id*. at 6.) Plaintiff has appended his declaration in support of the motion (*id*. at 8-11), approximately 25 pages of exhibits (*id.* at 12-37) and a proposed order granting relief (*id*. at 38-40).  For the foregoing reasons, this Court will recommend Plaintiff's motions for injunctive relief be denied.

**C.     Analysis**

*Personal Jurisdiction is Lacking*

In this case, no defendant in this action has been served with process. Plaintiff's complaint names Stuart Sherman, Amber Williams, Jan Lines, S. Heahy, E. Rocha, S. Marsh, Jason Collins, "Office of Appeals" and the California Department of Corrections and Rehabilitation as defendants. (Doc. 1 at 1-3.) Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. § 1915A(a), and will be screened in due course. Service of process will only occur following screening and a finding that Plaintiff has stated one or more cognizable claims. Until the defendants have been served with process by the United States Marshal, this Court lacks personal jurisdiction over any defendant, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district...court, without which the court is powerless to proceed to an adjudication" [citation & internal quotation omitted]); *Zepeda*, 753 F.2d at 727; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4").

*The Winter Factors*

Additionally, Plaintiff cannot meet all four *Winter* factors set forth above that are required for an injunction. *Winter*, 555 U.S. at 20. Even construing Plaintiff's motions to demonstrate Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief—the second *Winter* factor— Plaintiff cannot demonstrate he is likely to succeed on the merits of his claims, a requirement that must be met to obtain injunctive relief. *Winter*, 555 U.S. at 20. In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Here, Plaintiff's complaint has not yet been screened. Therefore, it is unclear whether Plaintiff has stated cognizable claims entitling him to relief in these proceedings. At the pleading

stage, the Court is not in a position to determine questions of the claims' merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008). Without such a finding that Plaintiff has stated cognizable claims, the likelihood of success on the merits—the first *Winter* factor, and the most important—cannot be determined. Plaintiff's references to *Plata*, *Coleman*, and *Armstrong* do not change this analysis.

Regarding the requirement that Plaintiff make a showing that the balance of equities tips in his favor and that an injunction is in the public interest—the third and fourth *Winter* factors—Plaintiff makes no such showing.  In sum, Plaintiff is not entitled to the injunctive relief he seeks.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's motions for injunctive relief (Docs. 2 & 11) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 18, 2023**              /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE