# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>ORDER ADOPTING CONCLUSION OF FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Doc. 15) |

　　　　David W. Wilson is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 19, 2023, the magistrate judge issued findings and recommendations, recommending that Plaintiff's motions for injunctive relief be denied. (Doc. 15.) Plaintiff was afforded 14 days within which to file objections. (*Id*. at 6.) Plaintiff filed objections on February 8, 2023. (Doc. 17.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Plaintiff's assertions are not entirely coherent, but the Court has undertaken considerable effort to try to understand them. Having carefully reviewed the file, including Plaintiff's objections, the Court finds it appropriate to adopt the conclusion of the findings and recommendations. Specifically, the undersigned finds that Plaintiff has not

demonstrated he is likely to suffer irreparable harm in the absence of injunctive relief, as is required by *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). First, his underlying complaint and motions for injunctive relief advance claims and assertions on behalf of numerous prisoners. (Docs. 1, 2, 11.) As the Court explained in denying Plaintiff's request for class certification, Plaintiff is not permitted to advance claims on behalf of anyone other than himself. (Docs. 14, 18.) Plaintiff has not provided information that would allow the Court to connect any of his assertions of harm to Plaintiff, let alone establish that Plaintiff faces imminent, serious harm. Moreover, many of the specific instances of alleged harmful conditions date back several (and sometimes many) years. It is unclear whether those conditions persist or are likely to return. Finally, as to other asserted harmful conditions, such as allegations that black mold is present, the factual underpinnings of Plaintiff's conclusory allegations have been denied by Defendants in writing in the attachments Plaintiff provided. On such a record, Plaintiff has not carried his burden of demonstrating the extraordinary remedy of preliminary injunctive relief is appropriate. Plaintiff's objections do not cure these defects. For all these reasons, the motions must be **DENIED**. Accordingly, the Court **ORDERS**:

1. The conclusion of the findings and recommendations issued on January 19, 2023 (Doc. 15) is **ADOPTED,** pursuant to the reasoning provided above.
2. Plaintiff's motions for injunctive relief (Docs. 2, 11) are **DENIED**; and
3. This action is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **February 24, 2023**

UNITED STATES DISTRICT JUDGE

2