UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 21) |

David Wilson seeks to have the Court reconsider its decision to adopt the findings and recommendations of the magistrate judge and denying the motion for preliminary injunction. Though the plaintiff submits some new evidence, the motion for reconsideration is **DENIED**.

**I.　　BACKGROUND**

On February 24, 2023, this Court issued its Order Adopting Conclusion of Findings and Recommendations to Deny Motions for Injunctive Relief. (Doc. 19.) Specifically, the Court found that Plaintiff had not demonstrated he is likely to suffer irreparable harm in the absence of injunctive relief and had not carried his burden of demonstrating the extraordinary remedy of preliminary injunctive relief was appropriate. (*Id.* at 1-2.) On March 8, 2023, Plaintiff filed a document titled "Plaintiff's 60(b)(6) Motion for Reconsideration Order Feb 24, 2023 for New Evidence On-Going Imminent Danger for Injunctive Relief." (Doc. 21.)

///

**II.     DISCUSSION**

   **A.     *Plaintiff's Motion for Reconsideration***

Plaintiff contends he submitted a CDCR-22 Request for Interview, Item or Service form on February 18, 2023, requesting for two work orders. (Doc. 21 at 1-2.) The first work order request was for air filter replacement in "Section A, for Swamp-Coolers/Air"; the second was for the removal of "one (1)-inch DUST from above Hot-Water Pipes, Air-Ducts, & From Air-Register/Exhaust-Vents, & from 2 Windows, & Ceiling." (*Id*. at 2.) Plaintiff asserts that along with the CDCR-22 Request for Interview form he submitted "20 Signatures, Dates, Cells, Printed Names, as True and Correct under Penalty of Perjury" of fellow inmates in Building 1, Facility B at the California Substance Abuse Treatment Facility. (*Id.*) Plaintiff further asserts the inmates "see DUST' and "most" inmates "get some kind of 'Cough On-Going & Sore Throat,' from DUST or other pathogens of Vents." (*Id*.) Plaintiff contends the CDCR-22 Request for Interview form is "'New Evidence' [of] on-going imminent danger for RECONSIDERATION and serious physical harm, to plaintiff and other similarly situated, and current." (*Id*.) As exhibits to his motion for reconsideration, Plaintiff has appended the CRCR-22 form referenced, a grievance signed February 20, 2023, and a Claimant Grievance Receipt Acknowledgment dated February 21, 2023. (*Id*. at 4-8.)

   **B.     *The Applicable Legal Standards***

Pursuant to Rule 60(b), the Court may relieve a party from a final judgement or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Furthermore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation

2

. . ." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks & citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### C.  *Analysis of Plaintiff's Arguments*

Plaintiff contends he has offered new evidence of an ongoing imminent danger entitling him to relief from the Court's February 24, 2023 Order Adopting Conclusion of Findings and Recommendations to Deny Motions for Injunctive Relief. Specifically, he asserts the February 18, 2023 CDCR-22 Request for Interview form establishes that Plaintiff and others housed at the Substance Abuse Treatment Facility in Corcoran face an ongoing imminent danger of physical injury because the air filters need to be replaced and an inch of dust "and other pathogens" present in or on pipes, ducting, air registers and vents, windows and the ceiling cause he and other inmates to cough and suffer from sore throats.

To the extent the Court noted it was unclear from Plaintiff's motions seeking injunctive relief whether the conditions "persist or are likely to return" (Doc. 19 at 2), the information provided clarifies Plaintiff's position that the conditions persist. Nevertheless, his assertions that coughs and sore throat symptoms persist do not demonstrate Plaintiff is likely to suffer irreparable harm in the absence of an injunction. Plaintiff has failed to demonstrate in a non-conclusory manner that the conditions complained of are the cause of any irreparable harm. In his first motion for injunctive relief, Plaintiff contended there was an ongoing danger of inadequate ventilation, the presence of black mold and black dust, and the denial of cooling measures and objects. (Doc. 2 at 3.) As this Court stated in its February 24, 2023 order, "the factual underpinnings of Plaintiff's conclusory allegations have been denied by Defendants in writing in the attachments Plaintiff provided. On such a record, Plaintiff has not carried his burden of demonstrating the extraordinary remedy of preliminary injunctive relief is appropriate." (Doc. 19 at 2.) To establish a likelihood of irreparable harm, conclusory or speculative allegations are not

enough. *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction"); *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (finding irreparable harm not established by statements that "are conclusory and without sufficient support in facts"); *Turner v. Spence*, No. CIV S 07-0022 GGH P, 2008 WL 927709, at *5, *8 (E.D. Cal. Apr. 4, 2008) (re plaintiff's claims he has been placed in a contaminated cell with poor ventilation, "causing eye irritation and breathing complications," "plaintiff simply provides inadequate support for such claims and to meet his burden to show that he is under a threat of irreparable harm"). The allegations in Plaintiff's motion for reconsideration—that he and others continue to experience coughing and sore throats—are also cumulative. *See, e.g.*, *Wilson v. Thompson*, 638 F.2d 801, 804 (5th Cir. 1981) (new recorded conversation was merely cumulative in its tendency to support testimony of a witness at trial, and therefore would not have altered to outcome of trial, as required by Rule 60(b)(2)); *Bell v. Warden, FCI Tallahassee*, No. 4:19cv442-WS/MAF, 2021 WL 3116345, at *4 (N.D. Fl. June 9, 2021 (mental health "records appear somewhat cumulative and do not change the ruling of this Court," in considering Bell's Rule 60(b) motion, citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (the newly discovered evidence must not be merely cumulative or impeaching)).

     In sum, as explained above, Plaintiff has not presented newly discovered evidence. Moreover, his assertions regarding irreparable harm are conclusory[1]. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Additionally, Plaintiff's motion amounts to his mere dissatisfaction with the Court's February 23, 2023 order or the belief that the Court's decision was wrong. *Westlands*

---

[1] Facts form the basis of a conclusion, but conclusions are not a substitute for facts. For example, alleging that illnesses have resulted from a need to replace air filters, is a conclusion, not a fact.

4

*Water Dist.*, 134 F. Supp. 2d at 1131. At bottom, Plaintiff has not established exceptional circumstances providing for a grant of the extraordinary remedy afforded by Rule 60(b) relief. *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources").

### III.   CONCLUSION

Accordingly, "Plaintiff's 60(b)(6) Motion for Reconsideration Order Feb 24, 2023 for New Evidence On-Going Imminent Danger for Injunctive Relief" (Doc. 21) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 21, 2023**

UNITED STATES DISTRICT JUDGE

5