UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>           Plaintiff,<br><br>      v.<br><br>STUART SHERMAN, et al.,<br><br>           Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PROTECTION ORDER**<br><br>(Doc. 20) |

Plaintiff David W. Wilson is appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On March 3, 2023, Plaintiff filed "Plaintiff's Motion for Protection Order Fed.R.Civ.P. 26(c); L.R. 37-251(a)." (Doc. 20.) Plaintiff seeks a "PROTECTION ORDER for all Legal Documents, and for Single Cell, for imminent danger Transfer where conspiracy was undertaken to place plaintiff as Enhanced Out Patient (EOP) by Psychologist …." (*Id*. at 1.)

Plaintiff contends that on February 8, 2023, he was called in to see a psychologist but refused to do so. (Doc. 20 at 2.) On February 14, 2023, Plaintiff again refused to see the psychologist, stating "95% Mexican/Hispanic Staff, and bias discrimination and unequal treatment for Blacks." (*Id*.) On February 15, 2023, when called to the mental health clinic, Plaintiff refused to see a psychiatrist by video, "citing Penal Code 636(b) Non-Eletronic [sic]

1  Easedropping [sic], Dr., Clergy, Attorney, & Civil Code 5623(b) No waiver for Third Party
2  Intervenor ….." (*Id*.) Plaintiff also asserted "RACIAL BIAS B-Facility Mexican/Hispanic White
3  Supremacy" for his refusal. (*Id*.) On February 22, 2023, Plaintiff states he was taken to an "Inter
4  Disciplinary Treatment Team (IDTT) Mental Committee" involving the psychologist,
5  psychiatrist, medical assistant and a correctional counselor. (*Id*.) Plaintiff states he explained to
6  the correctional counselor her actions were "in retaliation CCR Title 15, 3084.1(d) for prior
7  STAFF COMPLAINT against her for denial of Due Process for Classification Chrono FALSE &
8  Other Staff, and this was a Conspiracy for 'All' Mexican Staff." (*Id*.) Plaintiff states he "left
9  without any threats to others or myself." (*Id*.) On February 23, 2023, another correctional
10 counselor called Plaintiff to the office and advised Plaintiff he was "EOP mental and [was] being
11 transferred." (*Id*.) Plaintiff states he filed a staff complaint against Psychologist Availa and
12 Correctional Counselor M. Gonzales on February 26, 2023. (*Id*.)
13     Plaintiff requests "ALL personal & medical property transferred with him & Single Cell
14 as described in Civil Complaint for Protection Order … for manufactured staff concocted risk."
15 (Doc. 20 at 2-3.) Appended as exhibits to Plaintiff's motion are a Health Care Grievance dated
16 February 26, 2023 (*id*. at 5-6), excerpts of the California Business and Professions Code (*id*. at 7-
17 9), a Duty Statement for a Clinical Psychologist, position number 394-220-9283-VAR, at Pelican
18 Bay State Prison (*id*. at 10-13), an inmate grievance dated May 25, 2020, log number SATF-B
19 20-3307 (*id*. at 14-17), a July 8, 2020, Second Level Response to SATF-B-20-03307 (*id*. at 18-
20 20), a September 15, 2021, Third Level Decision from the Office of Appeals concerning SATF-
21 B-20-03307 (*id*. at 21), and copies of excerpts from an unidentified source, commencing with
22 "Chapter 3 – Personnel, Training and Employee Relations, Article 22 – Employee Discipline" (*id*.
23 at 22-28).
24     **II.    DISCUSSION**
25     The Court construes Plaintiff's instant motion to seek temporary and/or permanent
26 injunctive relief.[1]
27
28 [1] Plaintiff's citation to Rule 26(c) of the Federal Rules of Civil Procedure is not applicable. Rule 26 pertains to discovery, and subdivision (c) concerns protective orders specific to the discovery process.

2

*Applicable Legal Standards*

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

*Analysis*

The Court initially notes that it lacks personal jurisdiction over the parties to Plaintiff's suit or any other prison staff because no defendant has made an appearance in this action; therefore, injunctive relief is inappropriate. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"); *Zepeda*, 753 F.2d at 727.

Considering the *Winter* factors, first, Plaintiff has not established he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20. In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff's first amended complaint has not yet been screened as required by 28 U.S.C. § 1915A(a). Therefore, the Court has not yet determined whether Plaintiff has stated a claim upon which relief can be granted. This Court is one of the busiest district courts in the nation and carries a heavy prisoner civil rights caseload. Plaintiff's complaint will be screened in due course. Further, a likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court determines whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested at the screening stage because the Court is to consider factual allegations to be true for purposes of screening. Simply put, it is too early to determine whether Plaintiff is likely to succeed on the merits of his claims.

Second, Plaintiff must demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Plaintiff's motion only vaguely infers irreparable harm, claiming "imminent danger" in the form of a transfer following an EOP designation. But this is insufficient to demonstrate Plaintiff is likely to suffer irreparable harm. His claims are speculative and without evidentiary support. Plaintiff alleges a conspiracy and racial bias, but nothing in the documentation provided supports his argument. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a

requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury," internal quotation marks & citation omitted). While Plaintiff contends he will be transferred as an EOP inmate, it appears transfer is only a possibility, and a possibility of irreparable harm does not warrant injunctive relief. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"); *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction," citation omitted); *see also Chappell v. Stankorb*, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative"), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012).

Plaintiff's complaint involves prison officials or staff at the California Substance Abuse Treatment Facility and Plaintiff remains housed there.[3] The irreparable harm that is the subject of Plaintiff's instant motion—an EOP designation that may result in a transfer—is unrelated to the subject of Plaintiff's first amended complaint. A brief review the first amended complaint reveals it concerns conditions of confinement claims involving ventilation issues and allegations of black mold. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (holding that a preliminary injunction cannot address "a matter lying wholly outside the issues in the suit"); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction").

---

[3] As of April 26, 2023, Plaintiff remains incarcerated at the California Substance Abuse Treatment Facility. See https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=K66474. The Court may take judicial notice of public information stored on the CDCR inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

Finally, Plaintiff is required to show the balance of equities tips in his favor and that the injunction he seeks is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff has not presented any evidence that the balance of equities is in his favor, or that preliminary injunctive relief would be in the public's interest.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** Plaintiff's "Motion for Protection Order" (Doc. 20) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 28, 2023**                        /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE