UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00874 JLT SKO (PC)<br><br>**ORDER RE PLAINTIFF'S REQUEST TO CORRECT WORD ERRORS**<br><br>(Doc. 27) |

Plaintiff David W. Wilson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On June 26, 2023, the Court issued its First Screening Order. (Doc. 25.) The Court determined Plaintiff's first amended complaint failed to state a claim upon which relief could be granted. (*Id*. at 8-14.) Plaintiff was directed to file either a second amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal. (*Id*. at 14-15.)

On July 18, 2023, Plaintiff timely filed his second amended complaint.[1] (Doc. 26.)

//

---

[1] Plaintiff signed his second amended complaint on July 13, 2023.

On August 16, 2023, Plaintiff filed a document titled "Plaintiff's Request to Correct Word Errors First Amended Complaint July 13, 2023 Pages -1- and -13-." (Doc. 27.)[2]

## II.   DISCUSSION

Plaintiff requests the Court permit correction of two misspelled words[3] appearing on pages 1 and 13 of his "First Amended Complaint submitted July 13, 2023." (Doc. 27.) Plaintiff provided substitute pages 1 and 13, correcting the misspellings. (*Id.* at 3-4.)

The Court first notes that the operative complaint is Plaintiff's *second* amended complaint signed July 13, 2023, and filed with the Court on July 18, 2023. Second, any amended complaint must be complete in and of itself. Because Plaintiff's request does not involve any substantive change to his second amended complaint, the request will be granted. Finally, although Plaintiff attributes the misspellings to his advanced glaucoma, blurred vision and dizziness, misspellings are common in pro se filings. While the Court appreciates Plaintiff's thoroughness, the Court is well versed in deciphering pro se filings. Moreover, misspellings can occur in pro se pleadings, and litigants are not penalized for them. Moving forward, Plaintiff need not seek to correct any misspelling in any future pleading or submission.

## III.   CONCLUSION AND ORDER

For the reasons given above, the Court GRANTS Plaintiff's request to correct the misspellings identified in his second amended complaint.

Plaintiff is advised this Court carries a heavy caseload and delays are unavoidable. The Court will perform the required screening of Plaintiff's second amended complaint in due course. *See* 28 U.S.C. § 1915A(a).

IT IS SO ORDERED.

Dated:   **August 17, 2023**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The request was docketed as a motion.

[3] "Mistrate" to "Magistrate" and "Blavk" to "Black."

2