# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>               Plaintiff,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>               Defendants. | Case No.: 1:22-cv-0874 JLT SKO<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 35) |

Previously, the Court determined Plaintiff stated a cognizable claim for a violation of his civil rights arising under the Eighth Amendment, but Plaintiff failed to state claims for violations of the Equal Protection Clause of the Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. Therefore, the Court ordered the action would proceed only on Plaintiff's Eighth Amendment conditions of confinement claim. (Doc. 30.) Plaintiff now moves for reconsideration of the Court's order dismissing his other claims pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. 35.)

**I.    Reconsideration**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

    (1) mistake, inadvertence, surprise, or excusable neglect;

>(2) newly discovered evidence…;
>
>(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

## II.     Discussion and Analysis

Plaintiff contends the Court should exercise "[j]urisdiction for the Americans with Disabilities Act and Rehabilitation Act" claims.  (Doc. 35 at 1, citing *Jones v. City of Los Angeles*, 444 F.3d 118 (9th Cir. 2006).)  Plaintiff asserts that the Court should grant reconsideration of its

2

1    prior order dismissing hit claim under the ADA/Rehabilitation Act, based upon "the availability of
2    new evidence" and "the need to correct error or prevent manifest injustice." (*Id.* at 3.)  Thus,
3    Plaintiff asserts reconsideration is warranted under Rule 60(b)(1) and (2).  (*See id.* at 1.)

4    **A.     Mistake**

5    With respect to "mistake," under Rule 60(b)(1), a party "may seek relief from an excusable
6    mistake on the part of a party or counsel, or if the district court has made a substantive error of law
7    or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D.
8    Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir.
9    2008)). In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts
10   and circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at *3 (N.D. Cal. Apr. 16, 2020)
11   (citing *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).

12   Plaintiff contends that the Court should take jurisdiction over the third cause of action in
13   his second amended complaint for violations of the ADA/Rehabilitation Act.  (*See* Doc. 35 at 1-3.)
14   Significantly, however, the dismissal was not based upon a jurisdictional defect, but rather
15   *pleading* defects.  The Court found Plaintiff failed to allege facts sufficient to support his claims,
16   particularly because Plaintiff failed to allege facts supporting a conclusion that he suffered
17   discrimination "by reason of his disability." (*See* Doc. 29 at 15.)  In other words, Plaintiff failed to
18   allege facts supporting a conclusion that the defendants acted in a discriminatory manner *because*
19   *of* Plaintiff's disability.  Without such facts, Plaintiff failed to state a cognizable claim.  *See*
20   *Simmons v. Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA
21   prohibits discrimination because of disability, not inadequate treatment for disability.")

22   Plaintiff fails to show any mistake by the Court in its analysis of his third cause of action.
23   He does not show any misunderstanding of the alleged facts and allegations by the Court.  In
24   addition, Plaintiff fails to show a substantive error of law in its analysis regarding the sufficiency
25   of his pleadings.  He does not identify facts the Court failed to consider in its analysis or identify
26   allegations in the SAC that establish a cognizable claim under the ADA or the Rehabilitation Act.
27   Thus, Plaintiff fails to show relief under Rule 60(b)(1) is appropriate for a "mistake" by the Court.
28   ///

3

### B.    "Newly discovered evidence"

Pursuant to Rule 60(b)(2), reconsideration may be appropriate based upon "newly discovered evidence" that could not have been previously discovered "with reasonable diligence." *See* Fed. R. Civ. P. 60(b)(2).  In support of his motion, Plaintiff attached only a copy of his "Objections to Magistrate Judge's Findings and Recommendations," which was originally filed with this Court on April 29, 2024.  (*Id.* at 4-7.)  Beyond this, Plaintiff does not identify any new facts he recently discovered that could support his claims for relief.  Indeed, all facts related to Plaintiff's claims were known to him at the time he drafted the second amended complaint, and the Court previously considered the objections prior to adopting the Findings and Recommendations.  (*See* Doc. 31 at 1-2.)  Because Plaintiff does not identify "newly discovered evidence" that necessitates reconsideration, he is not entitled to relief under Rule 60(b)(2).

### C.    Other reasons that justify relief

Finally, Plaintiff contends reconsideration is warranted to "prevent manifest injustice." (Doc. 35 at 3.)  However, Plaintiff does not identify what, if any, manifest injustice may result from the denial of his motion.  Although Plaintiff clearly indicates his disagreement with the Court's order, his disagreement is insufficient to support a request for reconsideration.  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision"); *Pac. Stock, Inc. v. Pearson Educ.*, 927 F. Supp. 2d 991, 1005 (D.Haw. 2013) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.") (citation omitted).

### III.    Conclusion and Order

For the reasons set forth above, Plaintiff's motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. 35) is **DENIED**.

IT IS SO ORDERED.

Dated:    **October 9, 2024**                                                    _____
                                                                                              UNITED STATES DISTRICT JUDGE

4