1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID W. WILSON,                          Case No.: 1:22-cv-00874-JLT-SKO (PC)

12                   Plaintiff,                  **ORDER REGARDING PLAINTIFF'S
                                                 LODGED THIRD AMENDED
13           v.                                  COMPLAINT**

14    STUART SHERMAN, et al.,                    (Doc. 45)

15                   Defendants.                 **ORDER DENYING AS MOOT
                                                 DEFENDANTS' REQUEST FOR
16                                               SCREENING OF PLAINTIFF'S LODGED
                                                 THIRD AMENDED COMPLAINT**
17
                                                 (Doc. 48)
18
                                                 **ORDER DIRECTING PLAINTIFF TO FILE
19                                               ANY MOTION FOR LEAVE TO AMEND
                                                 AND PROPOSED THIRD AMENDED
20                                               COMPLAINT WITHIN 21 DAYS**

21

22           Plaintiff David W. Wilson is appearing pro se and *in forma pauperis* in this civil rights

23    action pursuant to 42 U.S.C. section 1983. The matter proceeds on Plaintiff's Eighth Amendment

24    conditions of confinement claims.

25           **I.      INTRODUCTION**

26           The Court issued its Discovery and Scheduling Order on November 25, 2024. (Doc. 44.)

27    The deadline to amend pleadings was set for March 25, 2025. (*Id.*)

28

On February 12, 2025, Plaintiff submitted a document titled "Second[1] Amended Complaint for Temporary and Permanent Injunction and Protection and Enforcement and Sanctions Relief for Inadequate Cool Ventalisation [sic] and Black Mold and Water Contamination Imminent Danger." (Doc. 47.) The document was lodged rather than filed with the Court. (*Id*.)

On February 28, 2025, Defendants filed a request for screening of the lodged third amended complaint. (Doc. 48.) Defendants contend the lodged third amended complaint alleges "violations of deliberate indifference and conditions of confinement," but also references "previously dismissed claims regarding equal protection violations …." (*Id*. at 2.) Defendants assert Plaintiff raises "additional allegations between August 17, 2023, and January 5, 2025, and includes a Fourteenth Amendment due process claim as a part of his second cause of action." (*Id*. at 2-3.)

The Court addresses Plaintiff's lodged third amended complaint and Defendants' request for screening below.

## II.    DISCUSSION

### A.  The Lodged Third Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure states, in pertinent part:

**(a) Amendments Before Trial.**

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

---

[1] Plaintiff identifies his pleading as a "Second Amended Complaint," but his Second Amended Complaint was filed on July 18, 2023. (*See* Doc. 26.) Therefore, any subsequent amended complaint is properly identified as a *Third* Amended Complaint.

Fed. R. Civ. P. 15(a)(1) & (2). In evaluating a motion to amend, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist*., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty*., 708 F.3d 1109, 1117 (9th Cir. 2013) ("[T]he consideration of prejudice to the opposing party carries the greatest weight"); *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight").

As noted above, the deadline to amend pleadings was set for March 25, 2025. And while Plaintiff submitted his third amended complaint before the deadline, he has failed to comply with Rule 15 and this Court's scheduling order.[2]

First, the Discovery and Scheduling Order issued November 25, 2024, advised the parties that the deadline for amending pleadings "does not allow any party to unilaterally file an amended pleading. Rather, any such amended pleadings must comply with all applicable Federal Rules of Civil Procedure (i.e. Rule 15) and Local Rules (i.e. Local Rule 220)." (*See* Doc. 44 at 3, n.2.) Here, Plaintiff improperly attempted to unilaterally file an amended pleading.

Second, Rule 15(a)(1) —allowing for amendment as a matter of course— does not apply here because Defendants filed an answer to Plaintiff's second amended complaint on September 27, 2024, and more than 21 days have elapsed following that filing. Thus, Plaintiff is required to obtain Defendants' written consent or the court's leave. *See* Fed. R. Civ. P. 15(b)(2). There is no indication Plaintiff obtained Defendants' written consent prior to submission, nor does Plaintiff

---

[2] *See, e.g*., *Howard v. Rodriguez*, No. 1:24-cv-00285-JLT-SAB (PC), 2024 WL 3970464, at *3 (E.D. Cal. Aug. 28, 2024) (noting "Plaintiff cannot seek to amend the complaint by way of an attachment to his motion for appointment of counsel, without filing a separate motion seeking such relief and meeting the Rule 15 standard"); *Bradford v. Ogbuehi*, No. 1:17-cv-01128-DAD-SAB (PC), 2020 WL 1970063, at *3 (E.D. Cal. Apr. 24, 2020) (noting plaintiff had not been granted leave to file a second amended complaint and did not file a motion for leave to amend; advising plaintiff "is required to familiarize himself with the Federal and Local Rules and comply with both the rules and the orders of the court in litigating this matter"); *Houston v. Rio Consumnes Correctional Facility*, No. 2:15-cv-2055 WBS KJN P, 2016 WL 7474909, at *1 (E.D. Cal. Dec. 29, 2016) (striking proposed second amended complaint because answer filed by defendants and plaintiff failed to file a motion to amend or a stipulation to amend the complaint signed by all parties).

1   have the Court's leave to file a third amended complaint. When Plaintiff submitted his third

2   amended complaint to the Court, it was lodged rather than filed because no motion seeking the

3   Court's leave to amend accompanied the third amended complaint. Plaintiff's submission is

4   therefore procedurally defective because it does not comply with Rule 15(a).

5          In sum, the Court will strike the lodged third amended complaint because Plaintiff's

6   submission is procedurally deficient in the absence of an accompanying motion for leave to

7   amend. The Court will also deny Defendants' request for screening of the third amended

8   complaint as moot. Plaintiff will be afforded a single opportunity to file a motion for leave to file

9   a third amended complaint within 21 days of the date of this order.[3] That motion must be also

10  accompanied by a proposed third amended complaint. Plaintiff shall consider the following

11  information before submitting the motion and proposed amended complaint.

12                 **B.  Previous Findings and Precautions Concerning Amendment**

13         In its First Screening Order addressing Plaintiff's first amended complaint,[4] issued June

14  26, 2023, the undersigned found the complaint failed to state a claim upon which relief could be

15  granted. (Doc. 25.) Plaintiff was granted leave to file a second amended complaint, curing the

16  deficiencies identified in the order, within 21 days. (*Id*. at 14-15.)

17         Plaintiff filed a second amended complaint on July 18, 2023. (Doc. 26.) On April 10,

18  2024, the undersigned issued Findings and Recommendations to Dismiss Certain Claims (Doc.

19  29) following screening of the second amended complaint. Specifically, the Court found Plaintiff

20  alleged a cognizable Eighth Amendment conditions of confinement claim (Claim One) but failed

21  to allege a cognizable Fourteenth Amendment Equal Protection Clause claim (Claim Two) or

22  cognizable ADA/RA claims (Claim Three) against the named defendants. (*Id*. at 10-16.) As to

23  Claims Two and Three, the Court determined that granting Plaintiff leave to amend those claims

24  would be futile. (*Id*. at 14, 16.) Therefore, it was recommended this action proceed only on

25

26

27

28

---

[3] The March 25, 2025, deadline for filing amended pleadings has now passed. Because Plaintiff intended to amend his complaint prior to the deadline, the Court finds permitting Plaintiff one final opportunity to seek amendment is appropriate.

[4] Plaintiff filed a first amended complaint prior to the Court having an opportunity to screen his original complaint. Because no responsive pleading was due from the opposing parties at that time, Plaintiff was entitled to amend his complaint "once as a matter of course" in compliance with Rule 15(a)(1).

1   Plaintiff's Eighth Amendment conditions of confinement claims against the named defendants

2   and that the remaining claims be dismissed with prejudice. (*Id*. at 16.) Although Plaintiff filed

3   objections, the Findings and Recommendations were adopted in full by District Judge Jennifer L.

4   Thurston on July 23, 2024. (Doc. 31.) Judge Thurston also denied Plaintiff's motion for

5   reconsideration of her order adopting on October 9, 2024. (Doc. 38.) Therefore, any previously

6   dismissed claims *may not* be reasserted in an amended complaint.

7         Next, regarding any "additional allegations between August 17, 2023, and January 5,

8   2025," and any Fourteenth Amendment due process claim, Plaintiff is advised that late-stage

9   amendments may be improper if they alter the nature of the litigation or involve different time

10  periods necessitating additional discovery. *See, e.g.*, *Morongo Band of Mission Indians v. Rose*,

11  893 F.2d 1074, 1079 (9th Cir. 1990) (affirming the denial of leave to amend where the plaintiffs

12  moved to amend two years after the initial filing and the new claims would have "greatly altered

13  the nature of the litigation and would have required defendants to have undertaken, at a late hour,

14  an entirely new course of defense"); *M/V Am. Queen v. San Diego Marine Const. Corp*., 708 F.2d

15  1483, 1492 (9th Cir. 1983) (affirming the denial of leave to amend when "[t]he new allegations

16  would totally alter the basis of the action, in that they covered different acts, employees and time

17  periods necessitating additional discovery").

18        Further, regarding any Fourteenth Amendment due process claim, Plaintiff is advised the

19  Due Process Clause protects prisoners from being deprived of liberty without due process of law.

20  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due

21  process, a plaintiff must first establish the existence of a liberty interest for which the protection is

22  sought. "States may under certain circumstances create liberty interests which are protected by

23  the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests

24  created by state law are generally limited to freedom from restraint which "imposes atypical and

25  significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

26  Plaintiff is cautioned that he does not a have protected liberty interest in the processing his

27  appeals, and therefore, could not pursue a claim for denial of due process with respect to the

28  handling or resolution of his appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)

(citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Similarly, a plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to an inmate's appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural right, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."). Therefore, Plaintiff should not seek liability against any defendant for his/her involvement in reviewing and denying his inmate appeals. Nor does an inmate have constitutional right to a particular security classification or housing. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

The Court notes the title of Plaintiff's lodged third amended complaint refers to injunctive relief. This Court previously considered Plaintiff's motions for injunctive relief filed in July 2022 and January 2023. On February 24, 2023, Judge Thurston issued an Order Adopting Conclusion of Findings and Recommendations to Deny Motions for Injunctive Relief. (Doc. 19.) To the extent Plaintiff intends to seek injunctive relief in any third amended complaint, he should review the standards applicable to such requests (*see* Doc. 15 at 2-6 [Findings and Recommendations to Deny Pending Motions for Injunctive Relief]) to ensure previous deficiencies are corrected.

Plaintiff is also reminded that an amended complaint supersedes the original or previous amended complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." *See* Local Rule 220.

Lastly, Plaintiff is advised that any third amended complaint accepted for filing must be screened pursuant to 28 U.S.C. § 1915A(a). Therefore, even assuming Plaintiff files a motion for leave to file a third amended complaint and a proposed third amended complaint, these proceedings will be delayed pending screening. This Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Delays are inevitable. In this action, again assuming a third amended complaint is filed, the deadlines for the completion of discovery and

the filing of dispositive motions addressing the merits of the claims[5] will be vacated and discovery will effectively be on hold until screening is completed. The Court also notes Defendants have filed a summary judgment motion concerning the exhaustion of administrative remedies. (*See* Doc. 50.) The exhaustion motion is not yet fully briefed—Plaintiff's opposition is due April 17, 2025, plus time for mailing, and Defendants may file a reply in accordance with the Local Rules, which may cause further delay of the screening of any third amended complaint.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS**:

1.  The lodged third amended complaint (Doc. 47) is **STRICKEN**;

2.  Defendants' request for screening (Doc. 48) is **DENIED** as moot;

3.  Plaintiff **MAY** file a motion for leave to amend, accompanied by a proposed third amended complaint prepared in accordance with the above, **within 21 days** of the date of this order. Any third amended complaint will be subject to screening; and

4.   If Plaintiff decides not to file a third amended complaint and/or if Plaintiff fails to file a motion for leave to amend as set forth above, this litigation will proceed in accordance with the Discovery and Scheduling Order issued on November 25, 2024.

IT IS SO ORDERED.

Dated:   **April 1, 2025**                        */s/ Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

---

[5] Those deadlines are presently set for April 25, 2025, and June 26, 2025, respectively.