**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. WILSON,<br><br>           Plaintiff,<br><br>   v.<br><br>STUART SHERMAN, et al.,<br><br>           Defendants. | Case No.: 1:22-cv-00874-JLT-EGC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(Docs. 61, 81 & 92) |

Plaintiff seeks to hold defendants liable for violations of his civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued Findings and Recommendations regarding the parties' cross motions for summary judgment, recommending Plaintiff's summary judgment motion be denied and Defendants' summary judgment motion be granted. (Doc. 92.) The magistrate judge advised the parties that the "failure to file objections within the specified time may result in waiver of his rights on appeal." (*Id*. at 40-41, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Plaintiff filed timely objections, defendants filed a response, and plaintiff moved to strike that response. (Docs. 93, 95, 96.) Plaintiff also filed a notice of appeal with respect to the Findings and Recommendations. (Doc. 97.)

As a general rule, the filing of a notice of appeal "divests the district court of its control

over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted). This is "a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). It is not strictly a "jurisdictional" rule, but rather an example of the "mandatory claim-processing rules" that may be applied less absolutely than the jurisdictional limits that Congress has set. *Id.* (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017)). A district court may proceed with a case, despite the filing of a notice of appeal, if it certifies that the appeal is frivolous. *See id.* at 790–91.

Plaintiff's appeal is frivolous because it is premature. The Circuit Court lacks jurisdiction to hear an appeal of a magistrate judge's findings and recommendations because they were not a final judgment or appealable interlocutory order. *See Serine v. Peterson*, 989 F.2d 371, 372–73 (9th Cir. 1993) (order). This court may therefore decide whether to adopt the Findings and Recommendations despite the notice of appeal.

The Court has reviewed the matter de novo. The Court declines to adopt the magistrate judge's recommendation not to consider the statements in plaintiffs' verified complaints. (*See, e.g.*, Doc. 92 at 34, 35, 38.) "[A] verified complaint may serve as an affidavit for purposes of summary judgment if it is based on personal knowledge and if it sets forth the requisite facts with specificity." *Moran v. Selig*, 447 F.3d 748, 760 n.16 (9th Cir. 2006). The Court has therefore reviewed the plaintiff's complaints in determining whether there is any genuine dispute of material fact.

The magistrate judge correctly determined that plaintiff's claims about ventilation and cooling are barred because of his previous litigation in state court. (*See* Doc. 92 at 30–32.) The magistrate judge also correctly found that plaintiff has not cited evidence that could permit a factfinder to decide in his favor at trial. There is no genuine dispute of material fact related to plaintiff's claims about extreme temperatures, black mold, the effects of these conditions on this health, or the defendants' responses to allegations about high temperatures and mold. (*See id.* at

2

32–40.)

Accordingly, the Court **ORDERS**:

1.  The Findings and Recommendations issued on April 15, 2026 (Doc. 92) are **ADOPTED IN PART** as described above.

2.  Plaintiff's motion for summary judgment (Doc. 61) is **DENIED**.

3.  Defendants' motion for summary judgment (Doc. 81) is **GRANTED**.

4.  The Clerk of the Court is instructed to enter judgment for defendants, terminate all pending motions and deadlines, and close this case.

IT IS SO ORDERED.

Dated:  _July 9, 2026_

_____
UNITED STATES DISTRICT JUDGE

3